ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 9 2014

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

ALBERTO FARIAS                      )
    *Plaintiff.*                     )
                               )
v.                                  )
                               )
DYNAMIC RECOVERY                    )
SERVICES, INC.                      )
    *Defendant.*                    )
                               )
                               )

CIVIL ACTION NO.

**4 14 CV - 427 - 0**

TRIAL BY JURY DEMANDED

## COMPLAINT

Plaintiff Alberto Farias complains of Defendant Dynamic Recovery Services, Inc., and for cause of action would respectfully show as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331.

2. All conditions precedent to the bringing of this action, have been performed.

## PARTIES

3. The Plaintiff in this lawsuit is Alberto Farias, a natural person and a citizen of the State of Texas, County of Tarrant, and City of Fort Worth.

4. The Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

6. The Defendant in this lawsuit is Dynamic Recovery Servcies, Inc. (herein after "DRS") a debt collection company with primary place of business at 4101 McEwen, Suite 150, Farmers Branch, TX 75244.

7. DRS is registered with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101 to engage in debt collection activates in Texas.

8. DRS may be served with process by serving: Julian R. Teh, 4101 McEwen, Suite 150, Farmers Branch, TX 75244.

9. Defendant, DRS is an entity who at all relevant times was engaged, by use of the mails, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

10. Defendant DRS is a "debt collector" as defined by 15 U.S.C. § 1962a(6).

11. DRS is a furnisher of information within the meaning of Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

## VENUE

12. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), the occurrences which give rise to this action occurred in Tarrant County, Texas and Plaintiff resides in Tarrant County, Texas.

13. Venue is proper in the Northern District of Texas.

## FACTUAL ALLEGATIONS

14. At all relevant times, Defendant DRS is attempting to collect an alleged but non-existent consumer debt from Plaintiff in the amount of $172.99, allegedly owed to ATMOS Energy, which subsequently has been purchased by Defendant DRS.

15. On **April 6, 2014**, Plaintiff discovered that Defendant DRS was reporting false and erroneous information on Plaintiff's Experian consumer credit report, regarding an alleged but non-existent account with ATMOS Energy.

16. Plaintiff has never had any business relationship of any kind with Defendant DRS and had not received any type of communication from Defendant DRS.

17. Defendant DRS is currently reporting an alleged but non-existent account on Plaintiff's Experian consumer credit report, which does not belong to Plaintiff.

18. On **April 7, 2014,** Plaintiff sent a dispute letter to Experian credit reporting agency disputing the false and erroneous information being reported by Defendant DRS.

19. **Refer to ¶18,** as a result of the dispute, Experian credit reporting agency reported that the information was updated and would remain.

20. Defendant DRS did not mark the alleged consumer debt as "disputed" on Plaintiff Experian Consumer Report. **(See Exhibit A)**

21. Defendant DRS knew Plaintiff had disputed the alleged consumer debt and still reported the alleged consumer debt to Plaintiff's Experian consumer report without disclosing that the debt is disputed. **(Refer to Exhibit A)**

22. Defendant DRS reported the false and erroneous information to Experian credit reporting agency and failed to send Plaintiff a thirty-day validation notice within five days of the initial communication as required by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g.

23. On or around May 11, 2014, Plaintiff received a written correspondence from Defendant DRS dated **May 07, 2014,** alleging that Plaintiff owes a consumer debt in the amount of $172.99 allegedly owed to ATMOS Energy. **(See Exhibit B)**

24. **Refer to Exhibit A,** In Defendant DRS written correspondence, Defendant states:

> "**As of the above date,** the above reference account with ATMOS Energy has been placed in our office for collection in the amount of $172.99."

25. **Refer to Exhibit B**, according to the written correspondence; Defendant DRS informs Plaintiff that as of May 7, 2014 the alleged account was placed with Defendant.

26. **Refer to Exhibit B,** the written correspondence states: "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector."

27. Defendant DRS informed Plaintiff that as of May 7, 2014 the alleged account with ATMOS Energy was placed with Defendant, but Defendant began reporting the same alleged account on Plaintiff's Experian credit report on or before April 6, 2014.

28. **Refer to Exhibit B**, the correspondence dated May 07, 2014 sent by Defendant DRS was the initial written correspondence to Plaintiff and failed to contain the notices required by Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

29. On **May 13, 2014** Plaintiff sent a letter to Defendant DRS via United States Postal Service certified mail disputing the alleged consumer debt and requesting validation, pursuant to FDCPA, 15 U.S.C. § 1692g. **(See Exhibit C)**

30. Defendant DRS received Plaintiff's request for validation on May 14, 2014 at 12:16 p.m.

31. **Refer to ¶29**, the requests for validation sent to Defendant DRS was sent in a timely manner and within the 30 days of initial communication.

32. Plaintiff disputes having any account with ATOMS Energy or Defendant DRS.

33. Plaintiff disputes owing and having any obligation to the alleged consumer debt being demanded by Defendant DRS.

34. On **May 31, 2014** Plaintiff sent a notice of the violations of The Fair Debt Collection Practices Act and Fair Credit Reporting Act to Defendant DRS.  This was in an effort to amicably resolve this matter before taking civil action against Defendant DRS.

35. On **June 5, 2014**, Chief of Staff for Defendant DRS, Raymond O. Davidson III (hereinafter "COS Raymond) informed Plaintiff that a written communication was sent to Plaintiff in December 2013. **(See Exhibit D)**

36. In COS Raymond communication to Plaintiff, the correspondence states: "This is an attempt to collect a debt.  Any information obtained will be used for that purpose. This communication is from a debt collector" **(Refer to Exhibit D)**

37. **Again**, in Defendant DRS written correspondence dated May 07, 2014 **(Refer to Exhibit B)**, Defendant informed Plaintiff that the alleged account in question was placed with Defendant as of May 07, 2014, but COS Raymond informs Plaintiff that an alleged written communication was sent to Plaintiff in December 2013 **(Refer to Exhibit D)**.

38. **Refer to ¶24 and ¶35,** the information Defendant DRS provided Plaintiff is in contradiction and is confusing to the least sophisticated consumer.

39. On **June 05, 2014**, Plaintiff obtained his Experian consumer report and noticed that Defendant DRS had obtained his Experian consumer report on **June 05, 2014. (Exhibit E)**

40. On **June 05, 2014**, Defendant DRS obtained Plaintiff's Experian consumer report. **(Refer to Exhibit E)**

41. The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer report. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes

application for employment, for underwriting of insurance involving the consumer, or is

offered a bona fide offer of credit as a result of the inquiry.

42. Based on information and belief, Defendant DRS did not have a lawful purpose for

requesting, obtaining and using Plaintiff's Experian consumer credit report from

Experian on **June 05, 2014**.

43. Defendant DRS request, acquisition and use of Plaintiff's Experian consumer report on

**June 05, 2014** was in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f).

44. At no time did Plaintiff ever have a relationship of any kind with Defendant DRS as

defined within The Fair Credit Reporting Act 15 U.S.C. § 1681b(3)(A)-(F).

45. Plaintiff does not recall ever having a relationship of any kind with ATMOS Energy

regarding the alleged account as defined within The Fair Credit Reporting Act 15 U.S.C.

§ 1681b(3)(A)-(F).

46. There is no account that the Defendant DRS has or had that would have given the

Defendant permissible purpose to obtain Plaintiff's Experian consumer report on **June**

**05, 2014** and therefore Plaintiff is entitled to damages for breach of said duty.

47. Defendant DRS failure to comply with the Fair Credit Reporting Act, 15 U.S.C. §

1681b(f) when it requested, obtained and used Plaintiff's Experian consumer report on

**June 05, 2014** was willful, as contemplated under 15 U.S.C. § 1681n under the Fair

Credit Reporting Act.

48. **In the alternative**, Defendant DRS failure to comply with the Fair Credit Reporting Act,

15 U.S.C. § 1681b(f) when it requested, obtained and used Plaintiff's Experian consumer

report on **June 05, 2014** was negligent, as contemplated under 15 U.S.C. § 1681o under the Fair Credit Reporting Act.

49. Defendant DRS has not provided any validation of the alleged consumer debt in question as Plaintiff had requested on May 13, 2014.

50. Defendant DRS has not provided Plaintiff any extrinsic evidence of the alleged consumer debt, either in its initial demands for payment or subsequent demands for payment.

51. Defendant DRS has not provide Plaintiff with any type of validation and has continued to attempt to collect on the alleged consumer debt, specifically by continuing to the reporting of the alleged consumer debt to Plaintiff's Experian consumer report,  sending Plaintiff an electronic mail correspondence demanding payment, and obtaining Plaintiffs Experian consumer report.

52. Upon Information and belief, Defendant DRS did not or has not contacted ATMOS Energy and verified the nature, status, balance of the debt, or that Defendant is not demanding payment from wrong consumer.

53. Upon information and belief, Defendant DRS did not check its own records to verify the alleged consumer debt belongs to Plaintiff.

54. Based on a non-existent alleged consumer debt, Defendant DRS knows that Plaintiff does not have any account with ATMOS Energy and does owe any money to ATMOS Energy and still continues to collect on the alleged but non-existent consumer debt.

55. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(2)(A) BY DEFENDANT DYNAMIC RECOVERY SERVICES, INC.**

56. Paragraphs 1 through 55 are re-alleged as though fully set forth herein.

57. Defendant aforementioned conduct violated the FDCPA.

58. Defendant DRS attempting to collect an alleged consumer debt that Plaintiff does not have any obligation or does not owe is a misrepresentation of the "character" and "legal status" of a debt, is a violation of 15 U.S.C. § 1692e(2)(A),

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(10) BY DEFENDANT DYNAMIC RECOVERY SERVICES, INC.**

59. Paragraphs 1 through 58 are re-alleged as though fully set forth herein.

60. Defendant aforementioned conduct violated the FDCPA.

61. Defendant DRS reporting the alleged consumer debt in question to Experian consumer credit reporting agency and failing to notify Plaintiff of the derogatory account is an unfair and deceptive means to collect the alleged consumer debt, in violation of 15 U.S.C. § 1692e(10),

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

    f)   Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

    g)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

    h)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    i)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    j)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f(1) BY DEFENDANT DYNAMIC RECOVERY SERVICES, INC.

62. Paragraphs 1 through 61 are re-alleged as though fully set forth herein.

63. Defendant aforementioned conduct violated the FDCPA.

64. Defendant DRS actions of making attempts to collect on an alleged but non-existent consumer debt not authorized by an agreement creating a debt or permitted by law is a violation of 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e)  Awarding such other and further relief as the Court may deem just and proper.

## <u>COUNT IV</u>

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g
BY DEFENDANT DYNAMIC RECOVERY SERVICES, INC.**

65. Paragraphs 1 through 64 are re-alleged as though fully set forth herein.

66. Defendant aforementioned conduct violated the FDCPA.

67. Defendant DRS failed to send Plaintiff a thirty (30) day validation notice within five (5) days of the initial communication, which was the reporting of the alleged but non-existent consumer debt to Plaintiff Experian consumer report, is a violation of 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

f)   Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

g)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

h)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

i)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

j)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(3) BY DEFENDANT DYNAMIC RECOVERY SERVICES, INC.**

68. Paragraphs 1 through 67 are re-alleged as though fully set forth herein.

69. Defendant aforementioned conduct violated the FDCPA.

70. Defendant DRS failed to inform Plaintiff of his right to dispute within thirty (30) days in the initial written communication on May 07, 2014, is a violation of 15 U.S.C. § 1692g(a)(3).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

k) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

l) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

m) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

n) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

o) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(4) BY DEFENDANT DYNAMIC RECOVERY SERVICES, INC.**

71. Paragraphs 1 through 70 are re-alleged as though fully set forth herein.

72. Defendant aforementioned conduct violated the FDCPA.

73. Defendant DRS failed to inform Plaintiff of right to have verification/judgment mailed to consumer in the initial written communication on May 07, 2014, is a violation of 15 U.S.C. § 1692g(a)(4).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

p) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

q) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

r) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

s) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

t) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(5) BY DEFENDANT DYNAMIC RECOVERY SERVICES, INC.**

74. Paragraphs 1 through 73 are re-alleged as though fully set forth herein.

75. Defendant aforementioned conduct violated the FDCPA.

76. Defendant DRS failed to inform Plaintiff that Defendant will provide name and address of original creditor if different from current creditor in the initial written communication on May 07, 2014, is a violation of 15 U.S.C. § 1692g(a)(5).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

u) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

v) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

w) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

x) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

y) Awarding such other and further relief as the Court may deem just and proper.

## **COUNT VIII**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(b) BY DEFENDANT DIVERSIFED CONSULTANTS, INC.**

77. Paragraphs 1 through 76 are re-alleged as though fully set forth herein.

78. Defendant aforementioned conduct violated the FDCPA.

79. Defendant DRS failure to provide validation of the alleged consumer debt and cease collection efforts within the thirty (30) day validation period when Plaintiff requested validation on May 13, 2014, is a violation of 15 U.S.C. § 1692g(b).

80. Defendant DRS did not provide Plaintiff with any type of validation and has continued to attempt to collect on the alleged consumer debt, specifically by continuing to the reporting of the alleged consumer debt to Plaintiff's Experian consumer report, sending Plaintiff an electronic mail correspondence demanding payment, and obtaining Plaintiffs Experian consumer report, is a violation of 15 U.S.C. § 1692g(b).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C § 1681s-2(b)
BY DEFENDANT DYNAMIC RECOVERY SERVICES, INC.**

81. Plaintiff realleges and incorporates paragraphs 1 through 80 as though fully set forth herein.

82. Experian are consumer reporting agencies within the meaning of FCRA, 15 U.S.C. § 1681a(f).

83. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

84. DRS violated Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to the DYNAMIC RECOVERY SERVICE representation within Plaintiff's credit file with Experian without also including a notation that this debt was disputed;

85. DRS violated Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the DYNAMIC RECOVERY SERVICE representation.

86. DRS violated Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to accurately respond to Experian consumer reporting agency.

87. DRS violated Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the DYNAMIC RECOVERY SERVICE representations to the consumer reporting agency in the months of April 2014, May 2014, and June 2014.

88. DRS conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

89. The Plaintiff is entitled to recover costs and any attorney's fees from DRS in an amount

to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the FCRA and/or admission from the Defendant(s)
    that they violated the FCRA;

b)  Awarding Plaintiff statutory damages in the amount of **$1,000.00 per month per
    reporting agency** that erroneous and derogatory information was contained in
    Plaintiff's credit files as a result of Defendant's actions, pursuant to 15 U.S.C §
    1681n;

c)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed
    under the law;

e)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT X

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b(f), WILLFUL NON-COMPLIANCE BY DEFENDANT BOSTON PORTFOLIO ADVISORS, INC.**

90. Paragraphs 1 through 89 are re-alleged as though fully set forth herein.

91. Experian is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

92. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

93. The actions of Defendant DRS obtaining Plaintiff's Experian consumer report on June 05, 2014 with no permissible purpose or Plaintiff's consent was a willful violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

WHEREFORE, Plaintiff demands judgment for damages against Defendant DRS for statutory damages, any attorney's fees, and costs pursuant to **15 U.S.C. § 1681n**.

## COUNT XI

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, NEGLIGENT NON-COMPLIANCE BY DEFENDANT BOSTON PORTFOLIO ADVISORS, INC.**

94. Paragraphs 1 through 93 are re-alleged as though fully set forth herein.

95. The actions of Defendant DRS obtaining Plaintiff's Experian consumer report on June 06, 2014 with no permissible purpose or Plaintiff's consent was a negligent violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

WHEREFORE, Plaintiff demands judgment for damages against Defendant DRS for statutory damages, any attorney's fees, and costs pursuant to **15 U.S.C. § 1681o.**

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated:  June 06, 2014

Respectfully Submitted,

Alberto Farias
1413 Clinton Avenue
Fort Worth, TX 76164
(817) 705-1340
fariasalberto@outlook.com



 Close window

## Online Personal Credit Report from Experian for

Experian credit report prepared for
**ALBERTO FARIAS**
Your report number is
**3173-6732-83**
Report date:
**05/29/2014**

Index:

- Contact us
- Potentially negative items
- Accounts in good standing
- Requests for your credit history
- Personal information
- Important message from Experian
- Know your rights

Print report

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as "Medical Information Provider." Consumer statements included on your report at your request that contain medical information are disclosed to others.

To return to your report in the near future, log on to www.experian.com/consumer and select "View your report again" or "Dispute" and then enter your report number.

If you disagree with information in this report, return to the Report Summary page and follow the instructions for disputing.

## Contact us                                                                                    back to top

Need to view your report again or dispute information? Access your report online at www.experian.com/viewreport.
You may also contact us by mail at:
NCAC
P.O. Box 9701
Allen, TX 75013

Or, by phone at:
1 800 493 1058
Monday through Friday, 9 am to 5 pm in your time zone.

You may also submit additional relevant information or supporting documentation for your disputes electronically at
experian.com/upload.

**Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are disputing.**

## Potentially Negative Items or items for further review                                        back to top

This information is generally removed seven years from the initial missed payment that led to the de[...]
most public record items may remain on the credit report for up to seven years, except Chapters 7, [...]



**DYNAMIC RECOVERY SERVICE**

| Address: | Account Number: | Original Creditor: |
|---|---|---|
| 4101 MCEWEN RD STE 150 | 7965489 | ATMOS ENERGY |



FARMERS BRANCH, TX 75244
(972) 241-5611
Address Identification Number:
0149205455

Status:  Collection account. $173 past due as of Mar 2014.

Status Details:  This account is scheduled to continue on record until Sep 2016.
This item was updated from our processing of your dispute in May 2014.

| | | |
|---|---|---|
| Date Opened: | Type: | Credit Limit/Original Amount: |
| 12/2013 | Collection | $173 |
| Reported Since: | Terms: | High Balance: |
| 03/2014 | 1 Months | NA |
| Date of Status: | Monthly Payment: | Recent Balance: |
| 03/2014 | $0 | $173 as of 03/2014 |
| Last Reported: | Responsibility: | Recent Payment: |
| 03/2014 | Individual | $0 |
| Your Statement: | | |

Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

Payment History:
2014
MAR
  C

Account History:
Collection as of Mar 2014



 **Dynamic Recovery Services, Inc.**

May 7, 2014

Alberto Farias
1413 Clinton Ave
Fort Worth, TX 76164

Re:        ATMOS Energy
File:        7965489
Balance:    $172.99
Account#:   003026529685

As of the above date, the above referenced account with ATMOS Energy has been placed in our office for collection in the amount of $172.99. Please contact our office immediately at 1-800-886-8088 X 2266 to make arrangements concerning this past due balance.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,

Steve Rogers
Collection Manager

4101 McEwen.* Suite 150 * Farmers Branch, TX * 75244 * 972-241-5611



**Certified Mail #: 7014 0150 0001 8082 3389**                    **Date: May 13, 2014**

Alberto Farias
1413 Clinton Ave
Fort Worth, TX 76164

Dynamic Recovery Services, Inc.
4101 McEwen, Suite 150
Farmers Branch, TX 75244

**RE:      Account Number: 003026529685**
**Original Creditor: ATMOS Energy**

This is a request for validation made pursuant to the Fair Debt Collection Practices Act, 15
U.S.C. § 1692g, Section 809.

I am responding to your contact about collecting a debt. I am in receipt of your letter dated May
07, 2014 and identified the debt as ATMOS Energy, Account Number: 003026529685 in the
amount of $172.99.

I do not have any responsibility for the debt you're trying to collect.  If you have good reason to
believe that I am responsible for this debt, mail me the documents that make you believe that.

Sincerely,


/s/ Alberto Farias
**ALBERTO FARIAS**



Print                                                                                           Close

# RE: contact

From: **R. Davidson** (rdavidson@drsinc.us)
Sent: Thu 6/05/14 9:06 AM
To:      'Alberto Farias' (fariasalberto@outlook.com)
            1 attachment
            farias.pdf (50.2 KB)

Good morning Mr. Farias:

Please find enclosed the letter sent to you in December, 2013.  This validation of debt letter did not come
back to us as returned mail.  This would imply that you or whomever lived at the 1413 Clinton Ave Fort
Worth, TX 76164 address received it.  A review of the facts of your account provide us with the knowledge
that we have closely followed the law with no violations.  We are still unsure of your intentions in this
situation but wish to resolve amicably.  Dynamic Recovery Services, Inc. will not be paying you any money
*under any circumstances*.  We recommend you pay your account at your earliest convenience.

*Thanks,*

*Raymond O. Davidson III*

*Chief of Staff*

*Dynamic Recovery Services, Inc.*

(800) 886-8088  Ext 2262

*This is an attempt to collect a debt. Any information obtained will be used for that purpose. This
communication is from a debt collector.*

**From:** Alberto Farias [mailto:fariasalberto@outlook.com]
**Sent:** Wednesday, June 04, 2014 4:39 PM
**To:** R. Davidson
**Subject:** RE: contact



 **Experian**
A world of insight

| Logout | Report Summary | Potentially Negative Items | Accounts in Good Standing | Requests for Your Credit History | Personal Information | Your Personal Statement | Get Credit Monitor | Get Credit Score |
|---|---|---|---|---|---|---|---|---|


Are you at risk for
**IDENTITY THEFT?**

Low-Risk

Help reduce your risk with **ProtectMyID**℠ from Experian℠

Get Protected ►
with enrollment in PMID

⊞ Experian

## Requests for Your Credit History Summary

 Where do you get this information?       What if I feel there is an error?

Experian credit report prepared for
**ALBERTO FARIAS**

Your report number is
**3173-6732-83**

Report date: **June 05, 2014**

Credit Report Toolkit:
Print your report
Credit Education
Know your rights
Credit Fraud Center

We make your credit history available to your current and prospective creditors and employers as allowed by law. Personal data about you may be made available to companies whose products and services may interest you. As required by the Fair Credit Reporting Act, we display these requests for your credit history as a record of fact.

Requests viewed by others            Requests viewed only by you

### Requests Viewed By Others

According to the Fair Credit Reporting Act, credit grantors with a permissible purpose may request your credit information. When a request for your credit history is made, a record of who made the request and the reason they requested your credit will display on your credit report for two years.

The following information is part of your credit history and is provided to others.


Add Triple Alert℠ Credit Monitoring for only $4.95 per month!

GET IT NOW! ►

### Requests Viewed Only By You

According to the Fair Credit Reporting Act, credit grantors listed in this section had a permissible purpose to request your information. When a request for your information is made, it will display on your credit report for two years.

We report these requests only to you as a record of those who requested your information, and we do not include any of these requests on credit reports to others.


Get the Score!
Add your Credit Score for only $2.95

GET IT NOW! ►

• DYNAMIC RECOVERY SERVICE              Date:  June 5, 2014



JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALBERTO FARIAS

**DEFENDANTS**
DYNAMIC RECOVERY SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff   TARRANT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   DALLAS
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

4-14 CV-427-0

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES   *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | Liability | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et al.  and 15 U.S.C § 1681s-2(b)
Brief description of cause:
Violations of Fair Debt Collection Practices Act and Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions)*
JUDGE

DOCKET NUMBER

DATE
06/06/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #             AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE